REDMANN, Judge,
dissenting.
This appeal, impermissible procedurally and worthless on its merits, continues for *421 more months to force the public to detour, as it has since May, 1979, around the bridge across Bayou St. John at Lakeshore Drive in New Orleans. Our earlier dismissal of this appeal was correct and allowed the defendant Board to pursue its duty.
The problem with Stephen Lambert, Contractor’s application for rehearing, as with its original appeal, is that Lambert is really seeking to force the Board to award the contract to Lambert. That cannot be done by appeal from the suit by Donahue against the Board. The only possible judgments in this suit were (a) one enjoining the Board to award the contract to Donahue or (b) one dismissing Donahue’s suit. The trial court had no authority whatsoever to order the Board to award the contract to a non-party such as Lambert, and it is impossible for us to say that the trial court erred by not doing so.
What in fact occurred is that the trial court ordered the contract awarded to Donahue. At that point, Lambert could have appealed just as the Board could have because to award the contract to low bidder Donahue would make it impossible to award it to second lowbidder Lambert (although— one basic premise of this dissent — to deny the contract to Donahue would not oblige the Board to award it to Lambert). But the Board acquiesced in the judgment by complying with it, and therefore the Board can no longer appeal. There is thus a perfectly good contract in force between the Board and Donahue.
What the Board should do is order Donahue to proceed under the contract both have executed. The so-called “suspensive appeal” of Lambert does not constitute an injunction against the Board, or against Donahue, or against anyone else. The Board never needed a judgment to be able to award the contract to low-bidder Donahue in the first place, but in a very prudent reaction to the licensing agency’s ruling did await a judgment and then awarded the contract. There is no way this court can tell the Board even to “disaward” the contract, much less to award the contract to Lambert, because Lambert never sued the Board. Lambert did not even attempt to intervene until the Donahue-Board suit was all over.
What the majority of this panel of this court should do, if it reinstates this appeal, is to set it immediately for argument and final disposition so as to minimize the further inconvenience of the too-long detoured public.